UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BLOCK, J.

------------------------------------------------------X

FRANKEL SCHWARTZ,

                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MARLON BETHEL, shield #10023, POLICE
OFFICERS JANE/JOHN DOE(S) #s 1-10,

                Defendants.

------------------------------------------------------X

AZRACK, M.J.

**COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

PLAINTIFF FRANKEL SCHWARTZ, by his attorney DAVID A. ZELMAN, ESQ. for his COMPLAINT, alleges upon information and belief, as follows:

## I.    PRELIMINARY STATEMENT

1. This is a civil rights action in which FRANKEL SCHWARTZ (hereinafter "Plaintiff") seek damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. On or about November 28, 2012, at approximately 2:00 P.M. at or near the intersection of Albany Avenue and Eastern Parkway, Brooklyn, NY, Plaintiff was falsely arrested and strip searched by Defendants, including but not limited to POLICE OFFICER MARLON BETHEL, shield #10023 and POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "Defendants"). It is alleged that Defendants falsely arrested and searched Plaintiff in violation of his constitutional rights. As a result of the violation of his constitutional rights, Plaintiff suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. Plaintiff FRANKEL SCHWARTZ at all times relevant hereto resided in Kings County, New York.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER MARLON BETHEL, shield #10023 (hereinafter "BETHEL") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. BETHEL is sued in his official and individual capacity.

6. Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of his employment. DOE(S) are sued in his official and individual capacity.

7. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in his individual and official capacities. At all relevant times

hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

8. On or about November 28, 2012 at approximately 2:00 P.M., Plaintiff was walking at or near the corner of Albany Avenue and Eastern Parkway, Brooklyn, NY.

9. BETHEL and additional officers approached Plaintiff and accused him of purchasing drugs. The officers searched Plaintiff and, despite finding no contraband, placed him in excessively tight handcuffs.

10. Plaintiff was placed in a vehicle and transported to the 77th precinct. At the precinct, Plaintiff was strip searched by officers.

11. Plaintiff was issued a summons for Disorderly Conduct – Obstruct Vehicle Traffic and released on his own recognizance.

12. All charges against Plaintiff were dismissed on or about February 14, 2013.

13. On the 20th day of December, 2012, Plaintiff' Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

14. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

15. Paragraphs 1 through 14 of this complaint are hereby realleged and incorporated by reference herein.

16. That Defendants had neither valid evidence for Plaintiff's arrest nor legal cause or excuse to seize and detain them.

17. That in detaining Plaintiff without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via his agents, servants and employees routinely charged persons with crimes they did not commit.

18. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of his officers, staff, agents and employees.

19. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

20. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

21. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff' rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

22. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

23. Paragraphs 1 through 22 are hereby realleged and incorporated by reference herein.

24. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

25. That Defendants intended to confine Plaintiff.

26. That Plaintiff was conscious of the confinement and did not consent to it.

27. That the confinement was not otherwise privileged.

28. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

29. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

30. Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

31. That Defendants strip searched Plaintiff absent a requisite reasonable suspicion that Plaintiff was concealing weapons or contraband.

32. That Defendants had no legally sufficient cause to strip search Plaintiff.

33. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of his authority, in gross and wanton disregard of Plaintiff' rights, subjected Plaintiff to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

34. As a result of the above constitutionally impermissible conduct, Plaintiff were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL STRIP SEARCH)

35. Paragraphs 1 through 34 are hereby realleged and incorporated by reference herein.

36. That Defendants strip searched Plaintiff absent a requisite reasonable suspicion that Plaintiff was concealing weapons or contraband.

37. That Defendants had no legally sufficient cause to strip search Plaintiff.

38. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of his authority, in gross and wanton disregard of Plaintiff' rights, subjected Plaintiff to an illegal strip search violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

39. As a result of the above constitutionally impermissible conduct, Plaintiff were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

40. Paragraphs 1 through 39 are hereby realleged and incorporated by reference herein.

41. That Defendants were acting in furtherance of the duties owed to his employer, defendant CITY.

42. That at all times Defendants were acting within the scope of his employment.

43. That Defendant CITY was able to exercise control over Defendants activities.

44. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully request that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from November 28, 2012;

4. Awarding Plaintiff reasonable attorneys' fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED: Brooklyn, New York
April 10, 2013

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072